**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JAMES GREENE,

Plaintiff,

v.

N. BRIETENBACH, *et. al.,*

Defendants.

Case No. 3:25-cv-00395-ART-CLB

**ORDER RE: MOTION TO DESIGNATE JANE DOE 1, EXTEND DEADLINES, SERVE PROCESS AND MODIFY CAPTION**

[ECF No. 14]

Before the Court is Plaintiff James Greene's ("Greene") motion to Designate Doe 1, Extend Deadlines, Service Process and Modify Caption. (ECF No. 14.) Defendants Nethanjah Breitenbach ("Breitenbach"), Kara LeGrand ("LeGrand"), and Dana Marks ("Marks") (collectively referred to as "Defendants") filed a response to the motion. (ECF No. 15.) In this response, Defendants did not oppose the designation of Jane Doe I or the request to modify the caption of Defendants names. (*Id.*) However, Defendants opposed the request to extend discovery deadlines as unnecessary at this time. (*Id.*) Greene replied. (ECF No. 16.)

For the reasons stated below, Greene's motion, (ECF No. 14), is granted in part and denied in part as follows: (1) the motion is granted to the extent it seeks to designate Jane Doe I and modify the caption; and (2) the motion is denied to the extent it seeks to extend the discovery deadlines at this time.

## I. SUBSTITUTION OF JANE DOE 1 AND MODIFICATION OF CAPTION

First, on January 22, 2026, the District Court screened Greene's complaint, (ECF No. 5), and allowed him to proceed on an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Breitenbach, LCC medical provider Dr. Marx, LeGrande, dentist Jane Doe, and Director of Nursing Jane Doe for events that occurred at LCC. (ECF No. 5 at 6.) Greene has now filed a motion to substitute "Jane Doe 1" with Dr. Yup, DDS and requests to modify the caption to correct the names

of the remaining Defendants as follows: (1) correct the name of Defendant N. Brietenbach to Nethanjah Breitenbach; 2) correct the name of Defendant Dr. Marx to Dana Marks; and (3) correct the name of Defendant T. Legrande to Kara LeGrand. (ECF No. 14.) Defendants did not oppose Greene's motion to the extent it is requesting to substitute Jane Doe 1 and to modify the names of Defendants.

For good cause appearing and based on Defendants' non-opposition, the Court finds that Greene may properly substitute "Dr. Yup, DDS" for "Jane Doe 1" and that the caption and docket shall be modified to correct the names of the defendants as stated above and thus Greene's motion is granted in this respect.[1]

## II. EXTENSION OF DEADLINES

Next, Greene requests that the discovery deadlines be extended. (ECF No. 14.) However, the deadline to complete discovery is currently set for December 7, 2026. (ECF No. 13.) In opposition, Defendants argue it is premature to extend the discovery deadlines at this time and Defendants are attempting to meet and confer with Greene to discuss any needed extension. The Court agrees with Defendants. Given that discovery is not set to close for almost two months, the Court finds that the request to extend the discovery deadlines is premature. Therefore, to the extent Greene's motion requests to extend the discovery deadlines, the motion is denied.

///

///

///

///

---

[1] In his motion, Greene makes several arguments alleging that Defendants engaged in some sort of improper conduct by not identifying Jane Doe 1 for Greene via discovery. (ECF No. 14.) However, the Court agrees with Defendants that it is not their responsibility to identify the true name of alleged Doe Defendants for the Plaintiff and that these attacks are improper. Greene is advised that all litigants, whether appearing pro se or represented by an attorney, are required to follow the Federal Rules of Civil Procedure, the Local Rules of this District, and the Court's orders. *See, e.g., Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules").

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Greene's motion, (ECF No. 14) is **GRANTED** in part as follows:

- Defendant "Jane Doe 1" shall be designated and substituted with Defendant "Dr. Yup, DDS" and the docket be updated to include Defendant Dr. Yupp, DDS;
- Defendant N. Brietenbach shall be modified and corrected in the caption and on the docket to reflect the name Nethanjah Breitenbach;
- Defendant Dr. Marx shall be modified and corrected in the caption and on the docket to reflect the name Dana Marks;
- Defendant T. Legrande shall be modified and corrected in the caption and on the docket to reflect the name Kara LeGrand.

**IT IS FURTHER ORDERED** that Greene's motion, (ECF No. 14), is **DENIED** to the extent he requests an extension of the discovery deadlines.

**IT IS FURTHER ORDERED** that within 21 days of the date of entry of this order, the Attorney General's Office shall file notice advising the Court and Greene of whether it can or cannot accept service on behalf of Dr. Yup, DDS. If the Attorney General's Office cannot accept service on behalf of Dr. Yup, DDS, the Office shall file, under seal, the last known address of Dr. Yup, DDS. If the last known address of Dr. Yup, DDS is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address under seal. If service cannot be accepted for Dr. Yup, DDS, Greene shall file a motion requesting issuance of a summons, specifying a full name and address for Dr. Yup, DDS.

**IT IS FURTHER ORDERED** If the Attorney General accepts service of process for Dr. Yup, DDS, such defendant will file and serve an answer or other response to the operative complaint, (ECF No. 6), within 60 days of this order's date.

**IT IS FURTHER ORDERED** that Greene must perfect service of process on Dr. Yup, DDS, within **90 days** of the date of this Order. If Greene requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time

under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

**IT IS SO ORDERED.**

**DATED**: October 5, 2026.

**UNITED STATES MAGISTRATE JUDGE**